**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JESSIE C. SCOTT | : | |
|    Petitioner | : | |
| v | : | Civil Action No. PJM-06-2777 |
| UNITED STATES OF AMERICA | : | |
|    Respondent | : | |

o0o

## MEMORANDUM

Pending in the above captioned case is Respondent's Motion to Dismiss or for Summary Judgment. Paper No. 8. Petitioner was advised of his right to file a response to the motion and of the consequences of failing to do so. Paper No. 9. He has filed nothing further in the case. For the reasons that follow, the motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Petitioner filed a Motion for Return of U.S. Currency and Property allegedly seized by Respondent during the course of a criminal investigation. Specifically he seeks the return of $1,770.00 taken from his residence on September 9, 2003. *See* Paper No. 1. Petitioner further alleges that the search occurred pursuant to a federal warrant and was executed by both federal and state authorities. *Id*. He states he was never served with a notice of seizure and there has been no hearing regarding the disposition of the currency. *Id*.

Respondent provides sworn documents stating that $1,770.00 was seized from Petitioner's property by members of the Howard County Police Department, where it remains. Paper No. 8 at Ex. 1. Respondent admits that the property was in federal custody temporarily for purposes of Petitioner's federal criminal prosecution, but indicates it was returned to Howard County at the close of the case. *Id*.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to

>       interrogatories, and admissions on file," designate "specific facts
>       showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"    *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

Petitioner seeks relief under Fed. R. Crim. Proc. 41(g) which permits the return of property taken by virtue of an unlawful search and seizure.  The rule applies to federal law enforcement officers.  *See* Fed. R. Crim. Proc. 41(a)(2).  Respondent has provided sworn statements establishing that Petitioner has sued the wrong party.  The property he seeks to have returned to him was not seized by the federal government, and therefore, Respondent cannot be ordered to return it.  Accordingly, Respondent's Motion for Summary Judgment shall be granted.


February 23, 2007

                                            /s/
                                    PETER J. MESSITTE
                           UNITED STATES DISTRICT JUDGE